Michael J. Frevola
Christopher R. Nolan
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200
ATTORNEYS FOR PLAINTIFF
BANK OF COMMUNICATIONS, HANGZHOU BRANCH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BANK OF COMMUNICATIONS, HANGZHOU BRANCH,<br><br>　　　　　　Plaintiff,<br><br>　　-against-<br><br>UNIVERSAL SHIPPING GROUP INC., AMSTEC SHIPPING PTE LTD., and GUANGZHOU SUNNY OCEAN INTERNATIONAL SHIPMANAGEMENT CO. LTD.,<br><br>　　　　　　Defendants. | 08 Civ. 6141 KSCTL<br><br>**AFFIDAVIT IN**<br>**SUPPORT OF ATTACHMENT** |

STATE OF NEW YORK　　）
　　　　　　　　　　　　） ss:
COUNTY OF NEW YORK　）

　　Lissa D. Schaupp, being duly sworn, deposes and says:

　　1.　　I am associated with the firm of Holland & Knight LLP, attorneys for plaintiff Bank of Communications, Hangzhou Branch ("BOCHB" or "Plaintiff"), and I am duly admitted to practice before the United States District Court for the Southern District of New York.

2. I am familiar with the facts and circumstances underlying this dispute and I am submitting this affidavit in support of the Verified Complaint and the Writ of Attachment.

3. Defendants Universal Shipping Group Inc. ("Universal"), Amstec Shipping Pte Ltd. ("Amstec"), and Guangzhou Sunny Ocean International Shipmanagement Co, Ltd. ("Sunny Ocean") (collectively "Defendants"), are not listed in the telephone directory of the principal metropolitan areas in this district, nor are they listed in the Transportation Tickler, a recognized commercial directory in the maritime industry.

4. Our office contacted the Secretary of State for the State of New York and was advised that Defendants are neither New York business entities, nor are they foreign business entities authorized to do business in New York.

5. To the best of my information and belief, Defendants cannot be found within this district or within the State of New York.

6. Based upon the facts set forth in the Verified Complaint, I respectfully submit that the Defendants are liable to Plaintiff for the damages alleged in the Verified Complaint, which amounts, as best as can be presently determined, to a total of US $3,926,660.40, including estimated interest, expenses and attorneys' fees.

7. As alleged in the Verified Complaint, there is an exigent nature to BOCHD's Rule B application. BOCHD recently learned through industry sources that the Vessel reportedly is on its way to the east coast of India or Bangladesh, the foremost scrapping location in the world.

8. Upon information and belief, the Vessel is 25 years old and at the end or close to the end of its service life which makes scrapping for the Vessel's salvage value the most likely

disposition of the Vessel. The Vessel is a single-hull vessel which makes it useless under the current regulatory regimes for carrying petroleum products. And, upon information and belief, their remain mortgages on the Vessel.

9. If the Vessel is sold for scrap, it is likely that the purchaser of the Vessel will convey a portion of the purchase price to the lenders possessing mortgages on the Vessel, in which conveyance one or more of the Defendants will have an interest, but which possibly would not mention any of the Defendants in the payment details, but instead only mention the Vessel's name "M/T DOLPHINA."

10. Furthermore, if the Vessel is sold for scrap, the destruction of the Vessel will leave Plaintiff with no *in rem* right against the Vessel, and Plaintiff's *in personam* right against Defendant registered-owner Universal may be an empty right if the sales proceeds (*i.e.*, the likely only asset of a single-ship company), are dispersed and Unviersal effectively ceases doing business.

11. Because of these concerns and the importance of obtaining an order and writ of attachment today so that garnishee banks may process the order and writ before the holiday weekend and before the Vessel reaches its scrapping location, BOCHD's respectfully requests immediate review by the United States District Court Judge randomly assigned to this case. Should the Honorable Judge not be available for immediate review of BOCHD's Rule B application, BOCHD respectfully requests that it be permitted to seek immediate review by the District Judge on Part 1 Assignment on this day.

12. Upon information and belief, Defendants have property, goods, chattels or effects within this jurisdiction, to wit: funds or accounts held in the name of Defendants at one or more of the following financial institutions:

Bank of America, N.A.; Bank of China; The Bank of New York; Citibank, N.A.; Deutsche Bank Trust Company Americas; HSBC Bank USA, N.A.; JPMorgan Chase Bank, N.A.; UBS AG; Wachovia Bank, N.A.; Société Générale; Standard Chartered Bank; BNP Paribas; Calyon Investment Bank; American Express Bank; Commerzbank ABN Amro Bank; Bank Leumi USA; Banco Popular; China Trust Bank; Industrial Bank of Korea; Shin Han Bank; Great Eastern Bank; Nara Bank; United Orient Bank.

13. Plaintiff is, therefore, requesting that this Court, pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, issue a writ of maritime attachment for an amount up to US$3,926,660.40.

**WHEREFORE**, Plaintiff respectfully requests that the application for a writ of maritime attachment and garnishment be granted.

_____
Lissa D. Schaupp

Sworn to before me this
3rd day of July, 2008

_____
Notary Public

# 5454726_v1

DIALYZ E. MORALES
Notary Public, State of New York
NO. 01MO6059215
Qualified in New York County
Commission Expires June 25, 20___

4